**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**DOLPHIN POINTE AT WATERSIDE**
**CONDOMINIUM ASSOCIATION,**
**INC., AND/OR ALL UNIT HOLDERS,**
**ATIMA,**

  **Plaintiff,**         **Civil Action: _____**

**v.**

**AMERICAN BANKERS INSURANCE**
**COMPANY OF FLORIDA,**

  **Defendant,**
**_____ /**

## DECLARATORY JUDGMENT ACTION TO COMPEL APPRAISAL

  **COMES NOW** Plaintiff, DOLPHIN POINTE AT WATERSIDE CONDOMINIUM ASSOCIATION, INC., AND/OR ALL UNIT HOLDER ATIMA ("Plaintiff" or "Insured"), by and through undersigned counsel, who files this Declaratory Judgment Action to Compel Appraisal against Defendant, AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, ("Defendant" or "Insurer"), on the grounds set forth below:

## JURISDICTION & VENUE

1.      This action arises under the National Flood Insurance Act, as amended, 82 Stat. 583, 42 U.S.C. §4001, *et seq.*, pursuant to the insurance contract issued to Plaintiff by Defendant, as hereinafter more fully appears. This action, having arisen under an applicable federal statute, namely 42 U.S.C. §4072, requires the application of federal law pursuant to the general federal jurisdiction provisions of 28 U.S.C. §1331. This Court has original exclusive jurisdiction over this matter pursuant to 42 U.S.C. §4072.  Further, this Declaratory Judgment Action is brought pursuant to *28 U.S.C. s. 2201* and *Fed. R. Civ. P. 57*, thus jurisdiction is with this Court.

2.      The property at issue in this action is located at 4137 Bay Beach Ln, Fort Myers Beach, FL 33931, (hereinafter referred to as the "Insured Property"). The Insured Property is situated in the Middle District of Florida, Fort Myers Division, and thus venue is proper in this Court pursuant to 42 U.S.C. §4072 and 44 C.F.R. Pt. 61, App. A(3), Article VIII (O).

## PARTIES

3.      Plaintiff, DOLPHIN POINTE AT WATERSIDE CONDOMINIUM ASSOCIATION, INC., AND/OR ALL UNIT HOLDER ATIMA, was, and still is, the owner of the Insured Property at all times material to the allegations set forth in the Complaint.

2

4.     Defendant, AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, was and is a private flood insurance company which is qualified to do business in the State of Florida. Defendant issued a FEMA, National Flood Insurance Program Standard Flood Insurance Policy (SFIP), General Property form, in its own name, to the Plaintiff. Pursuant to 44 C.F.R. Section 62.23(d) and (i)(6), Defendant is responsible for arranging for the adjustment, settlement, payment, and defense of all claims arising under the Policy, including this one.

5.     Defendant, AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, was and is a private flood insurance company which is qualified to do business in the State of Florida. Defendant issued a FEMA, National Flood Insurance Program Standard Flood Insurance Policy (SFIP), General Property form, in its own name, to the Plaintiff. Pursuant to 44 C.F.R. Section 62.23(d) and (i)(6), Defendant is responsible for arranging for the adjustment, settlement, payment, and defense of all claims arising under the Policy, including this one.

## FACTUAL ALLEGATIONS

6.     Defendant issued a Policy to Plaintiff, namely, Company Policy No. 75058193662021 and NFIP Policy No. 7505819366 (the "Policy"), effective within the date of loss complained of herein, whereby Defendant agreed to pay the Plaintiff for direct physical loss to the Insured Property caused by or from a "flood" as defined by the Policy. A true and correct copy of the available Policy documentation is

3

attached herein as Exhibit "A." Plaintiff further incorporates by reference, as part hereof, the terms and provisions of the SFIP, as set forth in 44 C.F.R. Pt. 61, App. A(1), representing the Policy in effect during the referenced time period. It is believed, and therefore alleged, that the Policy provides coverage for the structure as a "pre-FIRM" structure.

7.     Plaintiff dutifully paid the premiums charged by Defendant for the coverages afforded pursuant to the terms of the Policy and the Policy was in full force effect on the date of loss.

8.     On or about September 28, 2022, the date of loss, the aforementioned Insured Property sustained damage as a result of a covered peril, namely flooding and inundation, from Hurricane Ian, which caused substantial property damage and other insured losses, including damage to contents.

9.     The covered damages were thoroughly documented by experts retained by the Plaintiff, replete with supporting documentation, including specifications of the damages and detailed, accurate estimates, were submitted to Defendant.

10.     Plaintiff timely submitted a claim, and Defendant, by and through its agents and designated others, acknowledged the claim, and assigned a claim number to the claim/loss, which is believed to be 7505819366202109282022.

11.     Damage, as a result of a flood, was a covered cause of loss pursuant to the terms and conditions of the Policy so issued.

12.    The Proof of Loss detailing the losses was received by Defendant in compliance with the terms of the Policy.

13.    To date, Defendant has not denied or partially denied the loss.

14.    The Policy provides that in the event of a dispute as to the actual cash value or, if applicable, the replacement cost of the damaged property, either may may demand an appraisal of the loss.

15.    There is currently such a dispute.

16.    Plaintiff has demanded appraisal, but Defendant has refused to enter into appraisal.

17.    Further, Defendant's adjuster has repeatedly confused this Hurricane Ian flood loss with other unrelated losses, including a Hurricane Milton loss, resulting in undue confusion and prejudice to Plaintiff.

18.    All conditions precedent to bringing this action have been complied with by Plaintiff.

## COUNT FOR DECLARATORY JUDGMENT TO COMPEL APPRAISAL

19.    Plaintiff adopts and incorporates into this Count, as if fully rewritten herein, all of the allegations set forth in the above paragraphs.

20.    Damage, and related losses, as a result of the flood, was a covered peril and cause of loss pursuant to the terms and conditions of the Policy issued by Defendant to Plaintiff.

21.     Plaintiff submitted a timely claim to Defendant for the alleged damages and has met all conditions precedent to the filing of a lawsuit, or all conditions precedent have been waived by Defendant.

22.     Plaintiff submitted a factually detailed estimate of the damages and proof of loss, resulting in a dispute as to the proper value.

23.     There are specific areas that are damaged, for which coverage has been acknowledged, for which the scope has been agreed to by both parties.  Yet, a dispute exists between the parties regarding the actual cash value and/or replacement cost value of said items.

24.     Proper demand for appraisal was made by Plaintiff for said items, and Defendant refuses to engage in the appraisal process.

25.     There is a real case and controversy before this Court as Plaintiff wishes to enforce the appraisal provision of this Policy.  Yet, Defendant refuses to engage in such, demanding additional items that are unnecessary to show a dispute regarding the value of the portions of the loss that the parties all agree are damaged by a covered peril.  Further, the Defendant has attempted to rewrite the Policy to provide for less coverage than is allowed under the existing Policy, despite no legal justification for doing so.

26.     Plaintiff is unsure of its rights under the Policy, as the Policy provides for appraisal in the event of such dispute, such dispute exists between the parties,

Plaintiff has invoked the appraisal process, yet Defendant refuses to engage in the appraisal process.

27. The parties are adverse to each other, as Plaintiff wishes to engage in appraisal to determine the amount of actual cash value and/or replacement cost value for the items in which coverage and scope have been agreed to, yet Defendant does not wish to engage in the appraisal process.

**WHEREFORE**, Plaintiff, DOLPHIN POINTE AT WATERSIDE CONDOMINIUM ASSOCIATION, INC., AND/OR ALL UNIT HOLDER ATIMA, prays that after due proceedings are heard, that this Honorable Court enter a Declaratory Judgment in favor of Plaintiff and against the Defendant, AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, declaring that Plaintiff has a right to the appraisal process, the Plaintiff has invoked the appraisal process, that Defendant must engage in the appraisal process with Plaintiff and name its appraiser within 20 days, as well as to set forth a schedule for the appraisal, that appraisal must be had under the coverages provided for under the Policy, to retain jurisdiction to resolve any other disputes that may arise between the parties and to enforce the appraisal award if necessary, for costs, and other relief that this Honorable Court may deem to be in accordance with the applicable law, and as may be just and proper.

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 11, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day upon all counsel of record or pro se parties identified in the following Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,
**Vishio Watkins & Forry, PLLC**

**_/s/ Garrett William Haakon Clifford, Esq._**
Garrett William Haakon Clifford, Esq.
Fla. Bar 107315
Attorney for Plaintiff
1112 Goodlette-Frank Road, Suite 204,
Naples, Florida 34102
(239) 703-7210
(239) 900-1993 (Fax)
service@vwflegal.com
lperry@vwflegal.com

8